1810.

Philadelphia,
Saturday,
March 31.

SULGER *against* DENNIS.

The plaintiff, a master of a vessel, proved that while abroad, he had expended money upon account of his owner the defendant, for seamen's wages, provisions, port duties &c. *without shewing how much;* and the omission to produce vouchers was in some measure accounted for by the capture of his vessel, and the loss of his papers.

*Held,* that under these circumstances, the jury might make what they thought a reasonable allowance for disbursements, without further evidence.

A rule for trial or *non pros.* has no effect upon the plaintiff's right to interest.

IN this case, *Ingersoll* for the defendant, moved for a rule to shew cause why there should not be a new trial, upon the ground that the verdict had been given without evidence.

By the report of the Chief Justice, before whom the cause was tried at a Nisi Prius in *February,* it appeared that the action was brought by the plaintiff to recover his wages as master of the defendant's vessel, and certain disbursements made by him abroad on account of the vessel and crew. By the deposition of a witness, the plaintiff proved that he sailed in the brig *Lear* belonging to the defendant, from *Philadelphia* to *Cape François,* and that while there he paid money to carpenters for repairs, and to the crew on account of wages; and that he also paid for provisions and port charges. That from *Cape François* he went in the brig to *Port de Paix,* where he again paid port charges; and that on the voyage from *Port de Paix* home, he was captured by a *French* privateer, by whom his papers and accounts were taken off or destroyed, and he was carried to *Barracoa* and condemned. But the witness could not say how much had been paid by the plaintiff for any particular charge, or in the whole; nor had the plaintiff any receipt or written voucher to support any of his charges, which amounted to 195 dollars. The defendant produced no evidence. The plaintiff's demand, including his wages, which were allowed to be 40 dollars per month, was for 538 dollars 35 cents, and interest from the commencement of the action; and the jury gave him a verdict for 456 dollars 65 cents.

*Ingersoll* for the defendant admitted, that where vouchers were lost, it was proper to relax the rule of evidence; but in this case it did not appear that receipts, for which the plaintiff claimed an allowance, were ever in existence; and if they were, they must have been deposited in the admiralty, where the plaintiff might have obtained them or copies of them. There was therefore no legal evidence of the plaintiff's demand, except as to wages. It is in the highest degree

dangerous, that upon the mere proof of some expenditure, the defendant should be at the mercy of a jury to guess at what is due. The wages were not disputed; but the jury have gone beyond that, and allowed not only the disbursements, but interest from bringing the action. Interest certainly should not have been allowed; because the plaintiff's demand was not ascertained, and he delayed the trial himself, having been under a rule to try or *non pros.*

*Hare* for the plaintiff, said that upon all motions for new trials, it should be shewn that the verdict was against the justice of the case, which could not be pretended here. That the omission to produce vouchers was fully accounted for by the capture, and the spoliation of papers. That the existence of vouchers could not be proved by the captain, because no man called witnesses to a receipt; and that as the papers did not concern vessel or cargo, there was no probability that they had been deposited in the admiralty. That it came therefore to this question, whether when disbursements were proved, but from accident the plaintiff was unable to prove the amount, a jury were at liberty to make a reasonable allowance; and this principle was assented to by this court in *Kingston* v. *Girard* at Nisi Prius in *June* 1803. So in *Field's Assignees* v. *Moulson*, which was an action against a factor for the amount sales of goods, there was no proof of what the goods sold for, but Judge *Washington* left it to the jury to presume. [TILGHMAN C. J. There it lay upon the factor to shew the sales.] As to interest, if any is given, it is due; the delay was not the plaintiff's fault.

TILGHMAN C. J. after stating the facts, delivered his opinion as follows:

It is contended by the counsel for the defendant, that the verdict was without legal evidence, (except as to the plaintiff's wages as captain, which were not disputed) because the proper evidence was a receipt for the several sums paid. It is also contended, that the jury ought not to have allowed interest, because the plaintiff had been laid under a rule for trial or *non pros*, which shews that the trial had been delayed by him. The first of these objections would have great weight, if there was not something in this case to distinguish

*1810.*

SULGER
*v.*
DENNIS.

it from cases in general. In foreign ports, the captain may be under the necessity of making frequent disbursements of small sums for provisions &c., for which it would be hard to insist on his producing receipts, because they are not usually taken in such cases. But it would be dangerous to lay it down as a principle, that the captain's bare word should be taken for considerable sums, such as every prudent man ought to take a receipt for. In this case however, the privateer took away the plaintiff's papers, which is some apology for his not producing them. The defendant says, there ought to be proof that there were receipts among these papers. But how is this to be proved? Who was privy to the taking of those receipts, except the plaintiff himself? Is it usual to call witnesses, when a man takes a receipt? The defendant objects also, that all the papers taken in the brig, were deposited in the *French* Court of Admiralty; where the plaintiff might have obtained his receipts, or copies of them. It is very true, that the papers ought to be deposited in the court of admiralty; but it is not quite certain that what ought to be done, always is done. It was given in charge however to the jury, that if they should be of opinion, that the plaintiff's papers were taken by the privateer, and not deposited in some place where he could have access to them, they might make a reasonable allowance to the plaintiff for disbursements as to such objects as he had given evidence of, viz. provisions, port duties, advances to seamen, payment to carpenters &c. The jury made, what they conceived, a reasonable allowance in all these cases, and it does not appear clearly to me, that injustice has been done. The defendant has never said what he thought would be reasonable; nor did he offer any evidence that the plaintiff's charges were unreasonable. He stood on no other ground, than the defect of the plaintiff's testimony. Under these circumstances, I see no good reason for setting aside the verdict, on the first point.

I will now consider the objection as to interest. We cannot ascertain with any degree of certainty, how much was allowed for interest. It is probable however, that the jury struck out some articles of the plaintiff's account, and gave interest from the commencement of the action for the residue. In this I cannot say that they were wrong. It is usual to give interest, unless the case has something particular in it. There is no weight in

the objection, of the plaintiff's being under a rule for trial or *non pros.* A man may be forced to postpone his cause, on account of the absence of witnessess, without any fault of his own. One reason for allowing interest is, that the defendant may very probably have been making a profit on the money which was due to the plaintiff, and this profit would be made, even if the trial had been postponed by the fault of the plaintiff. If the defendant had brought into court the sum that he thought the plaintiff fairly entitled to, he would have stood on much stronger ground. But he denied the plaintiff's demand *in toto.* Upon the whole, I do not think this a case, in which the court ought to interfere with the verdict. I am therefore against the defendant's motion.

YEATES J. and BRACKENRIDGE J. concurred.

Motion denied.